IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL BRADBERRY                                  :
6693 Groveland Road                             :
Pipersville, PA  18947                          :
               *Plaintiff*                   :
                                                :
    v.                                          :          CIVIL ACTION NO:
                                                :
DOYLESTOWN BOROUGH                              :
57  W. Court Street                             :
Doylestown, PA  18901;                          :
                                                :
DOYLESTOWN BOROUGH                              :
POLICE DEPARTMENT                               :
57  W. Court Street                             :
Doylestown, PA  18901;                          :
                                                :
KEITH J. DIETZ, *Individually,*                 :
*and in his official capacity as a police*      :
*officer for DOYLESTOWN BOROUGH*                :
*POLICE DEPARTMENT*                             :
57  W. Court Street                             :
Doylestown, PA  18901;                          :
                                                :
    and                                         :
                                                :
WAYNE JONES, *Individually,*                    :
*and in his official capacity as a police*      :          JURY TRIAL DEMANDED
*officer for DOYLESTOWN BOROUGH*                :
*POLICE DEPARTMENT*                             :
57  W. Court Street                             :
Doylestown, PA  18901;                          :
               *Defendants*                 :

## CIVIL ACTION COMPLAINT

## I.    PRELIMINARY STATEMENT

    1.    Defendants Doylestown Borough, Doylestown Borough Police Department, Keith J. Dietz, and Wayne Jones, individually and/or collectively, knowingly and deliberately assaulted, battered, and abused Plaintiff Paul Bradberry,

both physically and mentally, and then wrongfully arrested, detained, and maliciously prosecuted him in bad faith for alleged violations of the Pennsylvania Crime Code where they had actual knowledge that he had committed no crimes and was innocent of all such charges, thereby depriving him of rights secured to him by the United States Constitution.  In this action, Plaintiff Paul Bradberry seeks compensatory and punitive damages, as well as litigation costs and attorney's fees, for Defendants' wrongful, unconstitutional, outrageous and egregious conduct.

## II.  <u>JURISDICTION</u>

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment to the United States Constitution.

3.      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

4.      Jurisdiction over state law claims based on supplemental jurisdiction is proper under 28 U.S.C. § 1367.

5.      The amount in controversy, exclusive of interest and costs, exceeds the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

## III.  <u>VENUE</u>

6.      Venue is proper in this Court because Defendants Doylestown Borough, Doylestown Borough Police Department, Keith J. Dietz, and Wayne Jones regularly do business in Bucks County, and because the actions taken by Defendants Doylestown

Borough, Doylestown Borough Police Department, Keith J. Dietz, and Wayne Jones to physically and mentally assault, batter and abuse Plaintiff Bradberry and to wrongfully arrest, detain and maliciously prosecute him, occurred in Bucks County.

IV.   **PARTIES**

7.      Plaintiff Paul Bradberry (hereinafter, "Bradberry") is an adult male individual and citizen of the Commonwealth of Pennsylvania, who resides at 6693 Groveland Road, Pipersville, Bucks County, Pennsylvania.

8.      Defendant Doylestown Borough is a local governmental body and borough of the Commonwealth of Pennsylvania, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, which is the public employer of the individual defendants, with offices located at 57 West Court Street, Doylestown, Bucks County, Pennsylvania.

9.      Defendant Doylestown Borough Police Department is a department and agency of Defendant Doylestown Borough, with offices located at 57 West Court Street, Doylestown, Bucks County, Pennsylvania.

10.     Defendant Keith J. Dietz (hereinafter, "Dietz") is an adult individual and citizen of the Commonwealth of Pennsylvania, employed as a Doylestown Borough police officer, who was, at all relevant times, acting under color of state law as an authorized agent, employee and/or servant of both Defendant Doylestown Borough and Defendant Doylestown Borough Police Department, with offices located at 57 West

Court Street, Doylestown, Bucks County, Pennsylvania. Defendant Dietz is being sued both in his individual capacity and also in his official capacity.

11.    Defendant Wayne Jones (hereinafter, "Jones") is an adult individual and citizen of the Commonwealth of Pennsylvania, employed as a Doylestown Borough police officer, who was, at all relevant times, acting under color of state law as an authorized agent, employee and/or servant of both Defendant Doylestown Borough and Defendant Doylestown Borough Police Department, with offices located at 57 West Court Street, Doylestown, Bucks County, Pennsylvania. Defendant Jones is being sued both in his individual capacity and also in his official capacity.

12.    At all relevant times, Defendant Doylestown Borough was charged with the responsibility of controlling, supervising, directing and managing Defendant Doylestown Borough Police Department, and acted through its agents, employees and/or servants, who were authorized to act, who were acting within the scope of their authority and in the course of their employment, and who were subject to and under the control of Defendant Doylestown Borough.

13.    At all relevant times, Defendant Doylestown Borough Police Department was charged with the responsibility of controlling, supervising, directing and managing its police officers, including Defendant Dietz and Defendant Jones, and acted through its agents, employees and/or servants, who were authorized to act, who were acting within the scope of their authority and in the course of their employment, and who

4

were subject to and under the control of Defendant Doylestown Borough Police Department.

## V.   FACTUAL BACKGROUND

14.   On March 17, 2013, Plaintiff Bradberry was lawfully standing on the sidewalk at or near 12 West State Street in Doylestown Borough.

15.   On March 17, 2013, at approximately 12:50 a.m., Defendant Dietz, while on duty for Defendant Doylestown Borough and Defendant Doylestown Borough Police Department, approached Plaintiff Bradberry at or near the aforementioned location and demanded that he produce identification.   When Plaintiff Bradberry questioned why he should be required to produce identification insofar as he had done nothing wrong, Defendant Dietz detained and arrested Plaintiff Bradberry, without probable cause or legal justification, and then placed him in handcuffs.

16.   When Defendant Dietz escorted Plaintiff Bradberry in handcuffs to the police vehicle, Plaintiff Bradberry continued to question why he was being arrested and detained insofar he had done nothing wrong.   In direct response to, and retaliation for, Plaintiff Bradberry's legitimate and proper questioning of the unconstitutional, unlawful and/or unjustified conduct of the arresting police officer, Defendant Dietz, without adequate cause and without adequate provocation, deployed a Taser repeatedly into Plaintiff Bradberry's back – resulting in physical injuries, scarring and mental suffering.   At no time did Plaintiff Bradberry physically resist the efforts of Defendant Dietz to detain, arrest and/or transport him.

17.     Thereafter, on or about March 17, 2013, with actual knowledge that Plaintiff Bradberry had committed no crimes, Defendant Dietz accused Plaintiff Bradberry of, and asked that a warrant of arrest or summons be issued for, alleged violations of the Pennsylvania Crimes Code, including Resisting Arrest, Disorderly Conduct, Public Drunkenness, and Criminal Mischief.

18.     On or about March 17, 2013, Defendant Dietz, "being duly sworn according to the law," knowingly and deliberately made false statements, in bad faith, which he did not believe to be true in an Affidavit of Probable Cause which he then submitted to a magisterial district judge with the intent to mislead such public servant in the performance of such public servant's official functions.

19.     On the basis of the aforementioned false statements made by Defendant Dietz, a warrant of arrest or summons was issued for Plaintiff Bradberry, and he was required to answer criminal charges of which Defendant Dietz knew he was not guilty.

20.     On April 19, 2013, at the first preliminary hearing on the criminal charges brought by him, Defendant Dietz was questioned about the events of the night in question, and asked to specifically describe the precise conduct in which Plaintiff Bradberry had engaged. Defendant Dietz' reply was that it "appeared as if" Plaintiff Bradberry might attempt to head butt him.   On the basis of this testimony of Defendant Dietz, the presiding magisterial district judge dismissed all criminal charges before him with the exception of Disorderly Conduct, a misdemeanor of the third degree.

21.     On or about April 30, 2013, Defendant Jones, "being duly sworn according to the law," made false statements which he knew or had reason to know were not true in an Affidavit of Probable Cause which he then submitted to a magisterial district judge with the intent to have this public servant issue a warrant of arrest or summons for Plaintiff Bradberry.

22.     On or about April 30, 2013, with actual knowledge and/or reason to know that Plaintiff Bradberry had committed no crimes, Defendant Jones accused Plaintiff Bradberry of, and asked that a warrant of arrest or summons be issued for, violations of the Pennsylvania Crimes Code, including Aggravated Assault (a felony of the second degree), Simple Assault, and Resisting Arrest.

23.     On the basis of the aforementioned false statements made by Defendant Jones, a warrant of arrest or summons was issued for Plaintiff Bradberry and he was required to answer charges of which Defendant Jones knew and/or should have known he was not guilty.

24.     On or about May 7, 2013, counsel for Plaintiff Bradberry wrote to Defendant Jones to advise that there were specific factual assertions contained in his Affidavit of Probable Cause which were clearly and demonstrably false – and to request that corrective action be taken.  Despite being placed on actual notice that false statements had been made in the Affidavit of Probable Cause, each of Defendant Jones, Defendant Doylestown Borough, and Defendant Doylestown Borough Police Department proceeded to act in bad faith by failing to take any corrective action.

25.     At all relevant times, Plaintiff Bradberry committed no criminal offenses or violations of the Pennsylvania Crimes Code, and posed no threat to his own safety or that of others.

26.     At all relevant times, Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones had actual knowledge that there was no reason, no probable cause, no legal cause, and no legal justification for the physical and mental assault upon, and battering and abuse of, Plaintiff Paul Bradberry, and/or for the wrongful arrest, detention, and malicious prosecution of Plaintiff Bradberry.

27.     Both Defendant Dietz and Defendant Jones instituted, and each of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones maliciously pursued, in bad faith, criminal process against Plaintiff Bradberry with actual knowledge that there was no reason, no probable cause, no legal cause, and no legal justification for doing so.

28.     Repeatedly throughout the malicious prosecution of Plaintiff Bradberry, Defendant Dietz knowingly and deliberately lied and committed crimes in his reporting of, and testimony about, the incident.   Notwithstanding being in possession of undeniable and irrefutable physical evidence of the fact, and having been put on actual notice, that Defendant Dietz had knowingly and intentionally lied and committed crimes in his reporting of, and testimony about, the incident, Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and

8

Defendant Jones persisted, in bad faith, in pursing the malicious prosecution of Plaintiff Bradberry.

29.     On or about November 13, 2013, Plaintiff Bradberry was cleared and acquitted of any and all violations of the Pennsylvania Crimes Code in a trial before the Honorable Wallace H. Bateman, Jr., judge of the Court of Common Pleas of Bucks County.

30.     During the trial, it was revealed that Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones had actual possession and knowledge of -- but actively hid, suppressed and/or withheld, in bad faith -- clearly exculpatory evidence including photographs, a videotape, and breath test results, all of which tended to prove the innocence of Plaintiff Bradberry, in a malicious and outrageous attempt to deprive him of his constitutional right to due process and to ensure that he was convicted of crimes which he had not committed.

31.     It is believed, and therefore averred, that Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, and Defendant Jones had actual knowledge that Defendant Dietz had previously bullied, abused, and victimized other persons in the performance of his official duties – and had willfully encouraged, condoned, ignored, and/or turned a blind eye to, his repeated acts of misconduct.

32.     It is believed, and therefore, averred, that Defendant Doylestown Borough and Defendant Doylestown Borough Police Department have knowingly and

deliberately, or with reckless indifference, failed to adequately discipline, train, supervise, and/or direct its police officers, and specifically, Defendant Dietz and Defendant Jones, in the proper use of force and the proper exercise of law enforcement powers, thereby causing its police officers to engage in the unlawful conduct described.

33.     It is believed, and therefore, averred, that Defendant Doylestown Borough and Defendant Doylestown Borough Police Department have knowingly and deliberately, or with reckless indifference, failed to conduct proper, adequate and meaningful investigations of questions raised regarding the proper use of force and the proper exercise of law enforcement powers, thereby causing its police officers to engage in the unlawful conduct described.

34.     The knowing and deliberate, or recklessly indifferent, failure by Defendant Doylestown Borough and Defendant Doylestown Borough Police Department to adequately discipline, train, supervise, and/or direct its police officers, in the proper use of force and the proper exercise of law enforcement powers, and to conduct proper, adequate and meaningful investigations of questions raised regarding the proper use of force and the proper exercise of law enforcement powers, was a substantial factor and legal cause of the unlawful conduct to which Plaintiff Bradberry was subjected, as described.

35.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department failed to properly sanction or discipline its police officers who were aware of, concealed, and/or committed violations of the constitutional rights of citizens

10

by other of its police officers, thereby causing or encouraging Defendant Dietz and Defendant Jones to commit the unlawful acts and violate the constitutional rights of citizens such as Plaintiff Bradberry.

36.     Plaintiff Bradberry was not only physically and mentally battered, assaulted and abused, and then falsely arrested, detained, and maliciously prosecuted, by Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, but he was also detrimentally affected by such conduct against him, as any reasonable person would have been affected under the circumstances.

37.     Plaintiff Bradberry suffered physical injuries, including, but not limited to, Taser burn marks and scars as a direct result of the unlawful and egregious conduct to which he was subjected.

38.     Plaintiff Bradberry has suffered, and will continue to suffer, embarrassment, humiliation, mental anguish and severe emotional distress, the full extent of which is not yet known, all because of the actions of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.

39.     Plaintiff Bradberry has suffered the loss of substantial time and income, and/or productivity, with respect to his employment, all because of the actions of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.

40.     Plaintiff Bradberry has incurred unnecessary costs and expenses, all because of the actions of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.

VI.     **CAUSES OF ACTION**

### A.  FIRST CAUSE OF ACTION
**(False Arrest in Violation of 42 U.S.C. § 1983)**

41.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

42.     The knowing and deliberate conduct of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones in physically and mentally battering, assaulting and abusing, and/or arresting, detaining and maliciously prosecuting, in bad faith, Plaintiff Bradberry for alleged violations of the Pennsylvania Crimes Code without legal cause and/or justification, was intentional, reckless, wanton and/or outrageous, and so egregious that it shocks the conscience.

43.     Plaintiff Bradberry was falsely arrested, and thereby damaged and injured as set forth above, in violation of 42 U.S.C. § 1983, by Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.  As described in detail in preceding paragraphs, the named Defendants violated Plaintiff Bradberry's constitutional rights -- including, but not limited to, his right to be secure in his person and property; his right to be free from unreasonable search and seizure; his right to be free from unreasonable use of excessive force; his right to be free

from unlawful arrest; his right to be free from malicious prosecution; and his right not to be deprived of his liberty without due process of law – all while acting under color of law.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988.

### B.  SECOND CAUSE OF ACTION
#### (Excessive Use of Force in Violation of 42 U.S.C. § 1983)

44.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

45.     Plaintiff Bradberry was subjected to the excessive use of force, and thereby damaged and injured as set forth above, in violation of 42 U.S.C. § 1983, by Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.  As described in detail in preceding paragraphs, the named Defendants violated Plaintiff Bradberry's constitutional rights -- including, but not limited to, his right to be secure in his person and property; his right to be free from unreasonable search and seizure; his right to be free from unreasonable use of excessive force; his right to be free from unlawful arrest; his right to be free from malicious

prosecution; and his right not to be deprived of his liberty without due process of law -- while acting under color of law.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988.

## C.  THIRD CAUSE OF ACTION
### (Battery in Violation of 42 U.S.C. § 1983)

46.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

47.     Plaintiff Bradberry was subjected to the harmful and/or offensive contact with his person, and thereby damaged and injured as set forth above, in violation of 42 U.S.C. § 1983, by Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.  As described in detail in preceding paragraphs, the named Defendants violated Plaintiff Bradberry's constitutional rights -- including, but not limited to, his right to be secure in his person and property; his right to be free from unreasonable search and seizure; his right to be free from unreasonable use of excessive force; his right to be free from unlawful arrest;

his right to be free from malicious prosecution; and his right not to be deprived of his liberty without due process of law -- while acting under color of law.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988.

### D. FOURTH CAUSE OF ACTION
**(Assault in Violation of 42 U.S.C. § 1983)**

48.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

49.     Plaintiff Bradberry was intentionally placed in reasonable apprehension of imminent harmful and/or offensive bodily contact, and thereby damaged and injured as set forth above, in violation of 42 U.S.C. § 1983, by Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones.  As described in detail in preceding paragraphs, the named Defendants violated Plaintiff Bradberry's constitutional rights -- including, but not limited to, his right to be secure in his person and property; his right to be free from unreasonable search and seizure; his right to be free from unreasonable use of excessive force; his right to be free from unlawful arrest; his right to be free from malicious prosecution; and his right not

to be deprived of his liberty without due process of law -- while acting under color of law.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988.

### E.  FIFTH CAUSE OF ACTION
**(Denial of Due Process in Violation of 42 U.S.C. § 1983)**

50.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

51.     Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones had actual possession and knowledge of -- but actively hid, suppressed and/or withheld, in bad faith -- clearly exculpatory evidence including, but not limited to, photographs of injuries, a videotape of detention, and results from a breath test administered, all of which tended to prove the innocence of Plaintiff Bradberry, in a malicious and outrageous attempt to deprive him of his constitutional right to due process and to ensure that he was convicted of crimes which he had not committed.

52.     As described in detail in preceding paragraphs, the named Defendants violated Plaintiff Bradberry's constitutional rights -- including, but not limited to, his right to be secure in his person and property; his right to be free from unreasonable search and seizure; his right to be free from unreasonable use of excessive force; his right to be free from unlawful arrest; his right to be free from malicious prosecution; and his right not to be deprived of his liberty without due process of law -- while acting under color of law.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988.

### F.  SIXTH CAUSE OF ACTION
#### (Malicious Prosecution)

53.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

54.     The knowing and deliberate conduct of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones in maliciously prosecuting, in bad faith, Plaintiff Bradberry for violations of the

Pennsylvania Crimes Code, knowing that such prosecution was without legal cause and/or justification, was malicious and so egregious that it shocks the conscience.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## G.  SEVENTH CAUSE OF ACTION
### (Malicious Abuse of Process)

55.    Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

56.    The knowing and deliberate conduct of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones in maliciously prosecuting, in bad faith, Plaintiff Bradberry for violations of the Pennsylvania Crimes Code, knowing that such prosecution was without legal cause and/or justification, was a malicious abuse of process for a purpose other than the pursuit of justice and for purposes for which such process was not designed, and so egregious that it shocks the conscience.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant

18

Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

**H.  EIGHTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

57.    Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

58.    The knowing and deliberate conduct of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones in maliciously prosecuting, in bad faith, Plaintiff Bradberry for violations of the Pennsylvania Crimes Code, knowing that such prosecution was without legal cause and/or justification, was a malicious abuse of process, and was intended to inflict emotional distress upon Plaintiff Bradberry.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## I.  NINTH CAUSE OF ACTION
### (Defamation)

59.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

60.     Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, jointly and/or severally, defamed Plaintiff Bradberry by falsely publishing – knowingly, deliberately, intentionally and/or with a reckless disregard of the truth, and of his rights and interests -- both to the judiciary and the citizens of the Commonwealth of Pennsylvania and also to the general public, that Plaintiff Bradberry had committed crimes in violation of the Pennsylvania Crimes Code, with actual knowledge of the fact that he had committed no such crimes and was innocent of all charges.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## J.  TENTH CAUSE OF ACTION
### (Disparagement/Injurious Falsehood)

61.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

62.     Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, jointly and/or severally, issued false statements about Plaintiff Bradberry, motivated by ill will toward Plaintiff Bradberry and with the specific intent to interfere with his personal and/or business pursuits without any privilege to do so, both to the judiciary and the citizens of the Commonwealth of Pennsylvania and also to the general public, that Plaintiff Bradberry had committed crimes in violation of the Pennsylvania Crimes Code, with actual knowledge of the fact that he had committed no such crimes and was innocent of all charges.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## K.  ELEVENTH CAUSE OF ACTION
### (Negligent Implementation/Enforcement of Policies)

63.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

64.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department had a duty to adequately and properly implement and enforce policies to effectuate all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments.

65.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department breached its duty to adequately and properly implement and enforce policies to effectuate all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments.

66.     The breach of duty by Defendant Doylestown Borough and Defendant Doylestown Borough Police Department was in reckless disregard of Plaintiff Bradberry's safety, health and welfare, and constitutes gross negligence.

67.     It was reasonably foreseeable that the aforementioned breach of duty would result in harm to citizens, residents and visitors, including Plaintiff Bradberry.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## L.  TWELFTH CAUSE OF ACTION
### (Negligent Training)

68.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

69.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department had a duty to adequately and properly implement and enforce policies to train and supervise its employees and agents in the effectuation of all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments.

70.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department breached its duty to adequately and properly implement and enforce policies to train and supervise its employees and agents in the effectuation of all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments.

71.     The breach of duty by Defendant Doylestown Borough and Defendant Doylestown Borough Police Department was in reckless disregard of Plaintiff Bradberry's safety, health and welfare, and constitutes gross negligence.

72.     It was reasonably foreseeable that the aforementioned breach of duty would result in harm to citizens, residents and visitors, including Plaintiff Bradberry.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount

in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## M.  THIRTEENTH CAUSE OF ACTION
### (Negligent Supervision)

73.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

74.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department had a duty to adequately and properly retain its employees, and to reassign and terminate its employees when appropriate, in order to effectuate all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments, so as to prevent harm to citizens, residents and visitors.

75.     Defendant Doylestown Borough and Defendant Doylestown Borough Police Department breached its duty to adequately and properly retain its employees, and to reassign and terminate its employees when appropriate, in order to effectuate all applicable constitutional provisions, state laws and regulations, as well as to develop and effectuate its own written policies and commitments, so as to prevent harm to citizens, residents and visitors.

76.     The breach of duty by Defendant Doylestown Borough and Defendant Doylestown Borough Police Department was in reckless disregard of Plaintiff Bradberry's safety, health and welfare, and constitutes gross negligence.

77.     It was reasonably foreseeable that the aforementioned breach of duty would result in harm to citizens, residents and visitors, including Plaintiff Bradberry.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## N.  FOURTEENTH CAUSE OF ACTION
### (Negligence)

78.     Plaintiff Bradberry hereby incorporates the preceding paragraphs, as though fully set forth herein.

79.     The conduct of Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones in physically and mentally battering, assaulting and abusing, and arresting, detaining, charging, and maliciously prosecuting Plaintiff Bradberry for violations of the Pennsylvania Crimes Code, knowing that such prosecution was without legal cause and/or justification,

represented a deviation from the care which would be exercised by a reasonable man or entity under the circumstances.

80.     The conduct of Defendant Doylestown Borough and Defendant Doylestown Borough Police Department was reckless, careless, negligent, and consists of the following, *inter alia*:

a.      Failing to control the activities of Defendant Dietz and Defendant Jones in a manner which would have prevented the physical and mental battery, assault and abuse of Plaintiff Bradberry and the wrongful arrest, detention and malicious prosecution of Plaintiff Bradberry;

b.      Failing to properly train and/or test police officers, including Defendant Dietz and Defendant Jones, in the performance of their duties;

c.      Failing to enact and carry out necessary policies, procedures, practices and directives relating to stops, arrest, detention, use of force, charging and prosecution of citizens such as Plaintiff Bradberry;

d.      Failing to take the necessary steps and precautions to prevent and discourage physical and mental assault, battering and abuse by its police officers, including Defendant Dietz and Defendant Jones, of citizens such as Plaintiff Bradberry;

e.      Failing to take the necessary steps and precautions to prevent and discourage false arrest and malicious prosecution by its police officers, including Defendant Dietz and Defendant Jones, of citizens such as Plaintiff Bradberry;

f.      Failing to properly sanction and/or discipline police officers, including Defendant Dietz and Defendant Jones, who violate rules, regulations, policies and procedures in order to prevent or discourage physical and mental assault and abuse, and false arrest and malicious prosecution;

g.      Failing to properly investigate and respond to previous complaints of bullying, abuse and misconduct by Defendant Dietz of which they had actual and/or constructive knowledge; and

h.      Negligently, carelessly, or recklessly failing to reprimand and discipline its police officers, including Defendant Dietz and Defendant Jones, who violate rules, regulations, policies and procedures in order to prevent or discourage false arrest and malicious prosecution.

WHEREFORE, Plaintiff Bradberry demands judgment against Defendant Doylestown Borough, Defendant Doylestown Borough Police Department, Defendant Dietz and Defendant Jones, individually and/or collectively, for damages in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars, including make whole compensatory relief, other compensation for all elements of past, present and future damages sustained, punitive damages, as well as the award of reasonable attorneys' fees and costs of litigation.

## VII.   JURY DEMAND

81.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Bradberry demands a trial by jury on all issues.

Respectfully submitted,

**McNAMARA, BOLLA & PANZER**

By: _____

Eric G. Marttila, Esquire
Attorney for Plaintiff
116 E. Court Street
Doylestown, PA   18901
(215)345-8888

DATE: _____

28

<u>VERIFICATION</u>

     I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. CSA Section 4904, relating to unsworn falsification to authorities.

Date: 12 - 2 - 13

PAUL BRADBERRY